IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2218-BO

JUAN PABLO GAYTON-BARBOSA,  )
         Petitioner,  )
           )
v.  )    O R D E R
           )
JOHN SAPPER,  )
         Respondent.  )

Juan Pablo Gayton-Barbosa ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved for summary judgment based on untimeliness and the filing of the petition outside the statute of limitations period (D.E. # 9). 28 U.S.C. § 2244(d)(1). Petitioner responded to the pending motion (D.E. # 16), and the matter is ripe for determination.

I.    Background

Petitioner is a prisoner of the State of North Carolina. On January 25, 2008, in the Superior Court of Wake County, petitioner was convicted after a jury trial of (1) assault with a deadly weapon with the intent to kill inflicting serious injury (AWDWIKISI) through the use of a handgun; (2) assault with a deadly weapon inflicting serious injury (AWDWISI) through the use of a baseball bat; (3) felonious breaking or entering; (4) felonious larceny of a firearm; (5) first-degree kidnapping; and (6) possession of a firearm by a convicted felon. (Pet., # 5., and Respt.'s Mem. in Supp. of Mot. for Summ. J., Ex. 1). He was sentenced to multiple terms totaling 259-340 months imprisonment. (Respt.'s Mem. in Supp. of Mot. for Summ. J., Ex. 1). Petitioner was represented at trial by Alan Briones. (Pet., # 16(c)). Petitioner appealed and on May 19, 2009, the North Carolina Court of Appeals issued a published opinion finding no error in part, and vacated petitioner's larceny judgment due to a fatal defect in the indictment and remanded for re-

sentencing. State v. Gayton-Barbosa, 197 N.C. App. 129, 676 S.E.2d 586 (2009). On appeal petitioner was represented by Sue Berry. (Pet., # 16(e)). On July 2, 2009, petitioner was re-sentenced to a term of 243-320 months imprisonment. (Respt.'s Mem. in Supp. of Mot. for Summ. J., Ex. 5).

On April 8, 2010, petitioner filed a motion for appropriate relief (MAR) in the Superior Court of Wake County which was summarily denied on May 6, 2010. On August 2, 2010, petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals. (Respt.'s Mem. in Supp. of Mot. for Summ. J., Exhibit 8). On August 16, 2010, certiorari was dismissed. (Id., Exhibit 10) Petitioner dated his pro se federal habeas application form October 5, 2010, and filed it in this Court on October 8, 2010.

II. Issues

Petitioner raises five issues in this petition: (1) material and substantial variance of allegations in indictment and evidence at trial; (2) plain error/due process violation because the trial court improperly expressed an opinion to the jury in its instruction that two gunshot wounds to the chest would be a serious injury; (3) insufficient evidence/due process violation in first-degree kidnapping charge and conviction; (4) double jeopardy violation in charging and sentencing scheme; and (5) ineffective assistance of trial and appellate counsel.

III. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application .. is removed . . . ;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

3

Petitioner's case became final for purposes of direct appellate review on Thursday, July 16, 2009, i.e., 14 days after petitioner's July 2, 2009, re-sentencing judgments from which petitioner filed no appeal. See, Gonzalez v. Thaler, __ S.Ct. ___, 2012 WL 43513 (2012); see N.C. R. App. P. 4(a)(2) (2009) (fourteen days to serve notice of appeal). See also, Burton v. Stewart, 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) ("Final judgment in a criminal case means sentence. The sentence is the judgment.").

Thereafter, petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) ran from July 16, 2009, for 266 days until April 8, 2010, when petitioner filed his MAR. Petitioner's one year period then remained tolled until the MAR was denied on May 6, 2010. (Exhibit 7) Petitioner's one-year period then resumed on May 6, 2010, and fully expired 99 days later on Thursday, August 12, 2010, i.e., 266 + 99 = 365. While the entire time period between the filing of a MAR and the denial of a corresponding "properly filed" certiorari petition in the North Carolina Court of Appeals in a non-capital case, is tolled under section 2244(d)(2), the certiorari petition was not properly filed in this case. See Hernandez v. Caldwell, 225 F.3d 435, 437 (4th Cir. 2000) ("gap" period between the denial of the MAR by the trial court and filing of a certiorari petition North Carolina Court of Appeals is tolled if there is no "unreasonable delay"). Petitioner's August 2, 2010, certiorari petition to the North Carolina Court of Appeals failed to provide an actual copy of Judge Rand's MAR order. (Mem. in Supp. of Mot. for Summ. J., Exhibit 8) See N.C. R. App. P. 21(c) (2011) (petitioner shall provide copies of judgment, order or opinion or parts of the record essential to understanding of the matters set forth in petition). Rule 21(c) states "[t]he petition *shall* contain . . . . certified copies of the judgment, order, or opinion or parts of the record which may be essential to an understanding of the matters set forth in the petition." Petitioner provided a handwritten copy of Judge Rand's order (see copy attached to Exhibit 8) and the North

4

Carolina Court of Appeals "dismissed" the petition as improperly filed. (Exhibit 10) See N.C. R. App. P. 21(e) (2011) ("In the event the petitioner unreasonably delays in filing the petition or otherwise fails to comply with a rule of procedure, the petition shall be dismissed by the court. If the petition is without merit, it shall be denied."). Petitioner appears to have known these requirement and in fact had an original copy in his possession. (D.E. # 16 and 17) Because petitioner failed to comply with a rule of procedure by not filing a certified copy MAR order along with his certiorari petition, the petition was "improperly filed" and did not toll the one-year period of limitation under section 2244(d)(2). See Artuz v. Bennett 531 U.S. 4 (2000) ("properly filed" state post-conviction application must be filed in accordance with state rules concerning form of document, applicable time periods and proper court and office for filing). Petitioner dated his pro se federal habeas application form October 7, 2010, and it was filed out of time. The matter is dismissed based on untimeliness.

IV.     Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

5

Case 5:10-hc-02218-BO   Document 18   Filed 01/20/12   Page 5 of 6

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, Respondent's Motion for Summary Judgment (D.E. # 9) for dismissal of the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 19 day of January 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE